NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**G4S SECURE SOLUTIONS (USA), INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES, ISS ACTION, INC.,**
*Defendants-Appellees*

---

2020-1390

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01329-TCW, Judge Thomas C. Wheeler.

---

Decided: October 5, 2020

---

GERALD HOWARD WERFEL, Baker, Cronogue, Tolle & Werfel, LLP, McLean, VA, for plaintiff-appellant. Also represented by HENRY TODD WHAY.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee United States. Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

ROBERT JOSEPH SNECKENBERG, Crowell & Moring,

LLP, Washington, DC, for defendant-appellee ISS Action, Inc.  Also represented by DANIEL RUBEN FORMAN.

———————————————

Before DYK, MOORE, and TARANTO, *Circuit Judges.*

MOORE*, Circuit Judge.*

G4S Secure Solutions (USA), Inc., appeals a final decision of the United States Court of Federal Claims granting the government judgment on the administrative record for its award to ISS Action, Inc. and denying G4S's cross-motion for judgment on the administrative record and its request for a permanent injunction. *G4S Secure Sols. (USA), Inc. v. United States*, 146 Fed. Cl. 265, 267 (2019).  Because the government's contract award was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

## BACKGROUND

The U.S. Department of Homeland Security's Customs and Border Protection (CBP) issued a Solicitation for security and transportation services on the southwest border of the United States.  J.A. 7.  The Solicitation included three evaluation factors: (1) Experience and Risk Awareness/Mitigation, (2) Oral Presentation, and (3) Pricing Spreadsheet and Sample Task Order Submission.  *Id.*  To demonstrate experience under the first evaluation factor, offerors were required to submit a corporate experience questionnaire (CEQ), identifying "up to three (3) reference projects . . . demonstrating relevant experience performing projects similar in size, scope, and complexity" to the project in the Solicitation.  J.A. 10003; 10012.  An offeror was permitted to include in its CEQ two of its own past contracts and one of a teaming partner (*i.e.*, a subcontractor), if the submission was under a Contractor Teaming Arrangement (CTA).  J.A. 10003; 10012.  In that case, the "Government [would] assess the collective experience in each vendor's submittal."  J.A. 10012.

G4S Secure Solutions (USA), Inc. and ISS Action, Inc., were the only two offerors to respond to the Solicitation. As part of its submission, G4S's CEQ identified three of its own prior contracts. ISS's CEQ identified two of its own prior contracts and one of its CTA partner's prior contracts. Following the first phase of CBP's evaluation, both G4S and ISS received a rating of "High Confidence" and were invited to participate in the second phase of the evaluation. J.A. 8. In phase two, G4S received a rating of "Some Confidence" for its technical and management approach (factor two), while ISS received a "High Confidence" rating. J.A. 15. And although CBP viewed both pricing proposals as "low performance risks," ISS's proposal was $100 million less than G4S's (factor three). J.A. 7–8. CBP selected ISS after determining that the "overall technical approach and expected performance level is higher for ISS Action and that level of performance costs much less than [G4S]; therefore, ISS Action offers the best value." J.A. 10288.

G4S filed a bid protest in the Court of Federal Claims challenging CBP's contract award to ISS as arbitrary, capricious, an abuse of discretion, and as otherwise not in accordance with the law. ISS intervened. G4S and the government filed cross-motions for judgment on the administrative record. G4S also moved to enjoin ISS from commencing work under the contract. The Court of Federal Claims granted the government's motion for judgment on the administrative record and denied G4S's cross-motion and its request for a permanent injunction. G4S appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo Court of Federal Claims decisions granting judgment on the administrative record in bid protest cases. *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005). Under this standard, we consider whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law." *See* 5 U.S.C. § 706(2)(A); 28 U.S.C. § 1491(b)(4).  We may set aside a procurement decision "if it lacked a rational basis or if the agency's decision-making process involved a clear and prejudicial violation of statute, regulation, or procedure." *Croman Corp. v. United States*, 724 F.3d 1357, 1363 (Fed. Cir. 2013).  An agency is "entitled to a high degree of deference when faced with challenges to procurement decisions." *Orion Tech., Inc. v. United States*, 704 F.3d 1344, 1351 (Fed. Cir. 2013).

G4S's only merits challenge is to the trial court's determination that "the record . . . supports CBP's decision that ISS's 'collective experience' was sufficient to warrant a High Confidence rating" in phase one of its evaluation.[1] J.A. 13.  G4S argues that CBP improperly permitted ISS to proceed to phase two on the basis of two contracts in ISS's CEQ that were not similar in size, scope, and complexity to the work in the request for quotes.  We do not agree.  One of ISS's contracts involved armed transportation services, and both contracts involved armed guard and security services, like those described in the Solicitation.  J.A. 10100–02.  Moreover, G4S concedes that "ISS's CTA partner had qualifying experience[.]"  G4S Reply Br. at 8.  And as the CEQ explained, CBP assessed "the collective experience in each vendor's submittal."  J.A. 10012.  Following a phone interview to evaluate ISS's factor one submission, CBP noted several aspects that justified inviting ISS to participate in phase two, including (1) that ISS's "contracts reflect the ability to hire and train personnel and demonstrate similar contract performance duties"; (2) ISS's familiarity with and experience in related work and the direct experience of its CTA partner's manager; (3) ISS's ability to maintain and train its staff; and (4) ISS's policy of maintaining

---

[1]    G4S also challenges the trial court's denial of its request for a permanent injunction.  This challenge is contingent on G4S succeeding in its merits challenge.

100% staffing and 100% of its vehicles as mission capable at all times. J.A. 10132. On this record, we hold that the Court of Federal Claims did not err in holding that CBP's determination that ISS's experience and risk awareness/mitigation supported a "High Confidence" rating was not arbitrary, capricious, or in violation of law. Because the Court of Federal Claims did not err in granting the government judgment on the administrative record, denying G4S's request for a permanent injunction was proper.

## CONCLUSION

We have considered the parties' remaining arguments and do not find them persuasive. Because the Court of Federal Clams did not err in granting the government judgment on the administrative record and in denying G4S's request for a permanent injunction, we affirm the judgment.

## **AFFIRMED**